DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Leroy Berner appeals the judgment of the Lorain County Court of Common Pleas adjudicating him a sexual predator. Defendant argues that such adjudication constitutes cruel and unusual punishment, that application of R.C. 2950.06 and R.C.2950.09 violates the prohibition against ex post facto laws, and that application of these provisions violates his equal protection rights. This Court affirms the judgment of the trial court.
On December 13, 1995, Defendant was indicted by the Lorain County Grand Jury for two counts of Gross Sexual Imposition in violation of R.C. 2907.05(A)(4), one count of Gross Sexual Imposition in violation of R.C. 2907.05(A)(1), two counts of Soliciting in violation of R.C. 2907.24(A), and one count of Disseminating Matter Harmful to Juveniles in violation of2907.31(A)(1). These charges stemmed from Defendant's improper conduct regarding his daughter and niece. On May 13, 1996, Defendant entered a plea of no contest to each charge of the indictment and was sentenced accordingly. Prior to his release from prison, the Ohio Department of Rehabilitation and Corrections notified the trial court of its recommendation that a hearing be held to determine Defendant's status as a sexual predator.
The trial court conducted a contested hearing on June 30, 1997. On July 2, 1997, the trial court adjudicated Defendant as a sexual predator. This appeal followed.
 First Assignment of Error The trial court erred in finding [Defendant] a sexualpredator pursuant to Ohio Revised Code Section 2950.06 and .09,as the application of the law to [Defendant] constitutes crueland unusual punishment in violation of the Eieth [sic]Amendment to the United States Constitution.
Defendant first avers that his adjudication as a sexual predator is violative of the prohibition against cruel and unusual punishment provided by the Eighth Amendment. This assertion lacks merit.
It is generally accepted that the Eighth Amendment prohibits "torture or other barbarous punishments, degrading punishments unknown at common law, and punishments which are so disproportionate to the offense as to shock the moral sense of the community." McDougle v. Maxwell (1964), 1 Ohio St.2d 68, 69. We have previously held that the requirements set forth in R.C.2950.09(B) do not constitute punishment. See State v. Kimble
(Feb. 4, 1998), Lorain App. No. 97CA006730, unreported; State v.Gropp (Apr. 8, 1998), Lorain App. No. 97CA006744, unreported. Therefore, adjudication as a sexual predator under R.C. 2950.09(B) does not violate the Eighth Amendment's prohibition against cruel and unusual punishment. Defendant's first assignment of error is overruled.
 Second Assignment of Error The trial court erred in finding [Defendant] a sexual predatorpursuant to Ohio Revised Code Section 2950.06 and .09, as theapplication of the law to [Defendant] violated the ExPost[sic] Facto Clause of Article One [sic]Section 10 of the United States Constitution.
Defendant next contends that R.C. 2950.06 and R.C. 2950.09
violate the constitutional prohibition against ex post facto laws. This Court disagrees.
The Ohio Supreme Court has held that R.C. 2950, "as applied to conduct prior to the effective date of the statute, does not violate the Ex Post Facto Clause of Section 10, Article I of the United States Constitution." State v. Cook (1998), 83 Ohio St.3d 404, paragraph two of the syllabus. Thus, Defendant's second assignment of error is overruled.
 Third Assignment of Error The trial court erred in finding [Defendant] a sexualpredator pursuant to Ohio Revised Code Section 2950.06 and .09,as the application of the law to [Defendant] violates the EqualProtection Clause of the Fourteenth Amendment to theUnited States Constitution.
Finally, Defendant contends that his adjudication as a sexual predator violates his equal protection rights as guaranteed by theFourteenth Amendment to the United States Constitution. This court has previously considered, and rejected this assertion.State v. Jameson (Apr. 22, 1998) Lorain App. No. 97CA006704, unreported, 5-8. Therefore, Defendant's third assignment of error is overruled.
Defendant's assignments of error are overruled. The judgment of the Lorain County Common Pleas Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Lorain, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. ________________________________ LYNN C. SLABY, FOR THE COURT
BAIRD, P. J.
CARR, J., CONCUR